IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02 CV 511

CATHERINE VILLINES,

Plaintiff,

v.

BANK OF AMERICA CORPORATION,

Defendant.

**ORDER**

**THIS MATTER** is before the Court upon Defendant Bank of America Corporation's (the "Bank") Motion for Attorneys' Fees and Expenses, (file doc. 28), and accompanying memorandum. Plaintiff Catherine Villines ("Villines") filed a Response to this Motion. Accordingly, this Motion is ripe for disposition. For the reasons stated below, the Court will deny the Bank's Motion for Attorneys' Fees and Expenses.

Villines filed her Complaint in Mecklenburg County Superior Court on October 15, 2002. (Notice of Removal ¶ 1.) Villines alleged violations of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and a state law claim of wrongful termination. The matter was removed to this Court on December 6, 2002. On November 17, 2003, the Bank filed a Motion for Summary Judgment which was granted in total on September 24, 2004. On October 8, 2004, the Bank filed the Motion for Attorneys' Fees and Expenses currently before this Court. Villines filed her Response to this Motion on November 5, 2004.

The Bank seeks attorneys' fees and expenses under three theories – ADA provision 42 U.S.C. § 12205, statutory provision 28 U.S.C. § 1927, and sanctions which this Court can impose pursuant to its "inherent powers." Beginning with the ADA statutory provision for attorneys'

fees, this Court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. "In order to grant such an award, the prevailing defendant must demonstrate that the plaintiff's action was 'frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.'" *Cook v. Nabisco, Inc.*, 2001 WL 34047384, *1 (E.D. Va. 2001) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)). After reviewing the pleadings in this matter, this Court cannot find that this action was so frivolous, so unreasonable, or so without foundation to warrant an award of attorneys' fees. Although it does appear that this case was quite properly dismissed at the summary judgment stage, it is not implausible that Villines and her attorney believed that their position was adequately supported by the law. Further, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). This simply does not qualify as an egregious case of misconduct.

Looking next to the Bank's request for attorneys' fees under 28 U.S.C. § 1927, this statutory provision permits a court to impose such fees on any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The facts in this action do not warrant an award of attorneys' fees under this standard either. The docket shows that the only motions in this action which would have required a substantial amount of time were this Motion and the Bank's Motion for Summary Judgment. There was also a dispute over an extension of time in the discovery phase, but nothing of the type of significance which could warrant an award of fees for unreasonably multiplying the proceedings.

Finally, the Bank seeks an award of fees under this Court's "inherent powers" to do so.

"Pursuant to its inherent powers, a court may impose sanctions against a plaintiff who has pursued a claim that is deemed to have been vexatious, wanton, or made in bad faith." *Davis v. Target Stores*, 87 F. Supp. 2d 492, 494 (D. Md. 2000). Again, this case does not warrant an award of fees under this standard either. The claim was dismissed at the summary judgment level, as it should have been, but was not totally devoid of facts which might cause a person in Villines' position to believe, albeit mistakenly, that she had a reasonable basis to file this action.

**IT IS THEREFORE ORDERED** that Defendant Bank of America Corporation's Motion for Attorneys' Fees and Expenses, (file doc. 28), be **DENIED**.

**Signed: September 19, 2005**

*Graham C. Mullen*
Chief United States District Judge